NS

Memo:

To: Judge Norma L. Shapiro
    U.S. District Court
    Eastern District of Pennsylvania

From: Plaintiff Darryl Murray

Date: Sept 30, 2005

Subject: Request Amended Action to
         Civil Case # 05-4557

On Nov 16, 2004 I was wrongfully
terminated from my employment at the
National Archives and Records Administration
(NARA) Mid-Atlantic Region, Phila, PA 19104

The parties responsible for my termination
are John McEvoy - Director, David Roland
Asst. Regional Adm., and Allen Weinstein -
Archivist of the United States.

I was convicted of a 1st offense charge
of insubordination and a subsequent charge
of making a threatening remark.

After filing an EEOC complaint I learned that I was suspected of being an Al Qaeda operative in Osama bin Laden's network.

Officials at NARA believed I was a terrorist due to my support of Michael Moores film Fahrenheit 9/11. I have worked at NARA since 1984. I have been denied promotions, harassed, and persecuted for the past 17 years of my employment with the federal government.

EEOC secured affadants to support my claim of wrongful termination by NARA officials

The F.B.I. interviewed me at my home and determined there was insufficient evidence to charge me with any crime.

I believe Allen Weinstein, Dave Roland, and John McEvoy maliciously ignored EEOC's Report of Investigation.

I would like for a court appointed attorney from the Employment Attorney Panel Program to assist me in suing for monetary compensation,



# National Archives and Records Administration

*8601 Adelphi Road*
*College Park, Maryland 20740-6001*

Mr. Darryl L. Murray
112 West Champlost Avenue
Philadelphia, Pennsylvania 19120

    Re: NARA Case No. 0502PA

Dear Mr. Murray:

This is the Final Decision of the National Archives and Records Administration (NARA) regarding your discrimination complaint, referenced above, filed on October 26, 2004. Your complaint has been processed, including EEO Counseling, and an investigation into the merits has been conducted in accordance with the regulations contained in 29 C.F.R. Part 1614. The exhibits referred to in this decision are contained in the Report of Investigation (ROI).

## I.      Accepted Issue

The sole issue accepted for investigation is termination based on race (African American) and religion (Islam).

## II.      Procedural History of Complaint

You made timely contact with the NARA EEO Office. ROI Exhibit (EX) 4. You signed a Notice to Potential Complaint, which informed you of your rights and responsibilities in this matter on October 9, 2004. NARA's EEO Counselor conducted a final counseling session with you on October 12, 2004. You filed your formal complaint on October 26, 2004. NARA accepted your formal complaint on November 16, 2004. On March 31, 2005 NARA notified you that the investigation of your complaint was complete and that you could request a hearing before an administrative judge within 30 days or you could request a final decision from NARA[1]. Thereafter, you sent to NARA your request for a final decision, which was dated April 6, 2005.

## III.      Statement of Facts

    A. In 1987 you were appointed to a position as a GS-1421-03 Archives Technician at NARA's Mid-Atlantic Region's Records Center in Philadelphia, Pennsylvania.

---

[1] That notice was partially in error. Your complaint is what is known as a mixed case because it involves a matter (your removal) that could have been appealed to the Merit Systems Protection Board (MSPB) or for which you could file an EEO complaint with the agency (but not both). You were so informed in writing on October 9, 2004 (Notice to Potential Complainant: Rights and Responsibilities). One cannot have a hearing before an EEOC administrative judge for a mixed case complaint. If EEO processing is selected, a final decision by the agency is the only option. If you appeal this decision, that appeal must be to the MSPB.

B. On March 23, 1995 you were instructed to cease posting and distributing posters, signs, flyers, newspaper clippings and other materials containing racial, political and religious statements. ROI EX 6, p. 141. You were advised further that failure to follow the instructions of the letter could result in your removal from Federal service. *Id.*

C. In 1996, NARA proposed to suspend you for insubordination. ROI EX 6, p. 134; EX 15, p. 295. NARA issued the proposal after receiving a complaint from the Veterans Administration that you had displayed and distributed religious information in their break room. *Id.*; ROI EX 6, pp. 142-143. You were counseled not to display information regarding religious beliefs anywhere in the work place. ROI EX 15, p. 295. Subsequently, in April 1996 you signed a memorandum of agreement in which you agreed not to post or distribute objectionable material in the workplace. *Id.* Thereafter, NARA cancelled your proposed suspension. *Id.*

D. You were suspended for 14 days in July 1997 for falsification of your daily work log and neglect of duty. ROI EX 15, p. 295.

E. In November 2001 you admitted to marking up boxes containing records that were shipped to the Social Security Administration with writings that were perceived as offensive, objectionable and unprofessional. ROI EX 5, pp. 115-116. That incident was investigated by the Federal Protective Service. *Id.*

F. You were suspended for three days in August 2003 for inaccurately reporting completed work and neglect of duty. ROI EX 16, pp. 304-305.

G. On August 17, 2004, Elizabeth Washington (African-American, Pentecostal), Supervisor of Customer Service, informed you by letter that you were displaying materials in your work area that were found to be offensive to co-workers, the security force, and management. ROI EX 15, p. 287. Ms. Washington ordered you to remove those materials from your work area and specifically ordered you "to display no materials that make reference to race, religion, political views or make disparaging remarks in any way at any location at the National Archives." *Id.* Ms. Washington informed you that failure to follow the order would lead to a charge of insubordination which could form the basis of your removal from Federal Service.

H. On November 9, 2004 you were informed that you would be removed from your position for insubordination and making threatening remarks. ROI EX 15, pp. 289-299.

## IV. **Relevant Law**

In order to prevail on a claim of discrimination based on race or religion you must establish a *prima facie* case of discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 252-253 (1981). The burden is not onerous. You need only show that the NARA's actions, if unexplained, reasonably give rise to an inference of discrimination. *See McDonnell Douglas*, 411 U.S. at 802. You may establish a *prima facie* case of discrimination based on race or religion by showing that you are a member of a protected class and you were treated differently, with respect to some condition of employment, from others outside your

protected class and in a manner that creates an inference of discrimination. *See, e.g., Schlieter v. Potter*, EEOC No. 07A30007, 2003 WL 22295420 (Sept. 29, 2003) (internal citations omitted); *Norbert v. Hayden*, EEOC No. 01A32552, 2003 WL 21516438 (June 25, 2003) (*citing Potter v. Good Will Industries of Cleveland*, 518 F.2d 864 (6th Cir. 1975)).

If you establish a *prima facie case* of discrimination, NARA must then articulate a legitimate, non-discriminatory reason for its actions. *McDonnell Douglas*, 411 U.S. at 802; *Burdine*, 450 U.S. at 253. If NARA satisfies its burden, you must then set forth evidence sufficient to show that NARA's reasons for its actions are merely pretext for prohibited discriminatory behavior. *McDonnell Douglas*, 411 U.S. at 804-805; *Burdine*, 450 U.S. at 253. You can establish pretext either directly by showing a discriminatory reason more likely motivated management, or indirectly, by showing that the reasons given for the defendant's actions are simply not believable. *Burdine*, 450 U.S. at 252-253. A reason cannot be proved to be pretext unless it is shown both that the reason was false, and that discrimination was the real reason. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502 (1993). Moreover, you cannot create a factual issue of pretext based merely on personal speculation of discriminatory intent. *Greene v. Dalton*, 164 F.3d 671, 675 (D.C. Cir. 1999) (claims cannot rest "entirely upon a conclusory representation" by plaintiff); *Slaughter v. Allstate Ins. Co.*, 803 F.2d 857, 860-61 (5th Cir. 1986).

## V.    Discussion and Analysis

Your complaint states that your removal was due to discrimination based on race and religion. Although you have provided a substantial amount of testimony (via affidavit), remarks and comments for the report of investigation, this material consists of conclusory statements that do not provide evidence that your removal was due to illegal discrimination. You attempt to show that you were treated differently than others outside your protected class when you indicate that Christian and Jewish employees have been warned not to put their religious views on screensavers. ROI EX 5, p. 62. However, you offer no evidence to support this allegation, nor do you suggest that anyone found these incidents offensive or that the employees refused to remove the items when ordered to do so by management. You did point out that another employee had a photograph of John Gotti on his desk (not a religious expression), but you also state that the employee removed the photograph when asked to do so. ROI EX 5, p. 64. Much of your remaining testimony (via affidavit), remarks and comments are inconsistent with or contradict sworn testimony and other evidence contained in the report of investigation. Given your history of behavior problems at NARA and the weight of the other evidence in the report of investigation, I do not find much of your testimony, remarks, and comments to be credible.

The report of investigation contains substantial documentation that demonstrates that you have been insubordinate and not truthful many times during your career with NARA. Regarding the events that led to your removal, you admitted that you understood the August 17, 2004 letter ordering you to remove materials from your work area. ROI EX 5, pp. 55, 61. The letter specifically ordered you to remove certain items from your work area and to never display any "materials that make any reference to race, religion, political views or that make disparaging remarks in any way at any location at the National Archives." ROI EX 14, p. 287. Moreover, the letter stated that failure to follow the order could result in your removal from the Federal service. *Id.* You complied with the order and removed the materials in question. However, in less than a month you again displayed

offensive and disparaging remarks in your work area, in clear defiance of the August 17, 2004 letter. *See, e.g.,* ROI EX 6, pp. 132-139; EX 7, pp. 175-179; EX 12, pp. 200-207; EX 14, pp. 274-275; EX15, p. 290.

The most damaging incident attributed to you is your threat to blow up the building. You admitted that on September 22, 2004 you were angry and cursing because you had been asked to leave the parking lot adjacent to your former place of employment. *See* ROI EX 5, p. 63. You admitted further that you said "I think someone needs to blow that M_____ F_____ building up." *Id.* I do not believe your annotation that you never used the word "building" or "place." Even if you did not say "building" or "place," your remarks clearly inferred a threat to blow up someone or something. Security Office James Hughes (African-American, Protestant) testified via affidavit that on September 22, 2004 you told him that you were "here to blow up the building" and when he later told you that you had to leave the property, you responded by saying "when I come back, I am blowing up the place." ROI EX 11, pp. 195-196. Officer Hughes then reported the incident to the Federal Protective Service. In response to your threat NARA management heightened security measures at both the Townsend Road and Market Street facilities because of fear of reprisal on your part. *See* ROI EX 12, p. 202. Officer Hughes testified that management was very scared and nervous about your remarks. ROI EX 11, p. 197.

You claim that your remarks did not constitute a real threat. ROI EX 5, p. 63. Nevertheless NARA policy is very clear in this regard. "NARA does not tolerate comments concerning weapons or bombs or other threats directed to NARA security guards, even if the comment was intended as a joke." ROI EX 17, p. 307, *Interim Guidance 300-19, Violence in the Workplace.* Employees who make such comments may be removed from the premises and may be subject to disciplinary action, criminal penalties, or both. *Id.* I find that your actions in this matter provided just cause for your removal from Federal service. I find further that you have not produced any evidence that your removal was motivated by discrimination based on race or religion. Nor have you demonstrated that you were treated differently than similarly situated employees outside of your protected classes with respect to some condition of employment. The record is clear that NARA's actions in this matter were because of your pattern of insubordination and your threat of harm to NARA facilities and personnel, and not related at all to your race or religion.

## VI.    Decision

Your complaint fails because you have not demonstrated that NARA's actions in this matter reasonably give rise to an inference of discrimination. Thus, you have failed to establish a *prima facie* case of discrimination. Alternatively, even if I assume that you have established a *prima facie* case of discrimination, the record clearly demonstrates that NARA has articulated legitimate, non-discriminatory reasons for its actions, and you have presented no evidence showing that NARA's proffered reasons were merely pretext for illegal discriminatory behavior. Accordingly, I find that you did not suffer discrimination with respect to the accepted issue.

5

**VII.**   **Appeal Rights**

A.  If you are dissatisfied with this Final Decision, you may file an appeal with the Merit Systems Protection Board (MSPB) (not the EEOC) regional or field office that is responsible for the geographic area where your duty station was located at the time the agency took the action or made the decision you are appealing within 30 days of receipt of this decision.  For your convenience, an MSPB appeal form and regional offices contact information are enclosed.  Your appeal should be addressed to:

U.S. Merit Systems Protection Board
Northeastern Regional Office
U.S. Customhouse
Room 501
Second & Chestnut Streets
Philadelphia, PA  19106-2987

A copy of the appeal must be provided simultaneously to the agency at:

National Archives and Records Administration
Office of General Counsel
8601 Adelphi Road
College Park, MD 20740-6001

B.  You may file a civil action in the appropriate federal district court within 30 calendar days of receipt of NARA's Final Decision if no appeal has been filed with the MSPB.  If you file a civil action under Title VII of the Civil Rights Act of 1964, as amended, or the Rehabilitation Act of 1973, as amended, and you do not have, or are unable to obtain the services of an attorney, you may request the court to appoint an attorney to represent you.  In such circumstances as the court may deem just, the court may appoint an attorney and may authorize the commencement of the action without the payment of fees, costs, or security.  Any such request must be made within the above referenced limits for filing suit and in such form and manner as the court may require.

You are further notified that if a civil action is filed by you, you must name the appropriate agency head as the defendant and provide his official title.  DO NOT NAME JUST THE AGENCY.  Failure to name the agency head or to state his official title may result in the dismissal of your case.  The appropriate agency is the National Archives and Records Administration.  The head of the agency is Allen Weinstein, Archivist of the United States.

6

If you have any questions, please call Robert Jew, Director, EEO and Diversity Programs, at (301) 837-1849.

Sincerely,

LEWIS J. BELLARDO
Deputy Archivist of the United States

Enclosures: 1) MSPB Form 185
2) Regional Offices Contact Information

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DARRYL MURRAY                     :          CIVIL ACTION

    v.                              :

ALLEN WEINSTEIN                   :          NO.  05-4557

### ORDER

**AND NOW**, this 31st day of August, 2005, it appearing that:

a. Plaintiff has filed a motion to proceed *in forma pauperis* as follows:

    i. in an unsigned affidavit, plaintiff declares he is presently unemployed although he was employed until November, 2004 ($26,000 annual pay) and received unemployment compensation from February, 2005, until August 17, 2005, in the amount of $888.00 per month; and

    ii. plaintiff declares he is unable to pay the cost of the proceeding or give security.

b. Plaintiff, proceeding *pro se*, names Allen Weinstein as a defendant, but the body of the complaint has no allegations whatsoever concerning this individual.

c. Plaintiff states N.A.R.A. wrongfully terminated his employment with a false charge of insubordination and making a threatening remark.

d. Although N.A.R.A. is not identified in the complaint, the Case Management Track Designation Form gives the address of N.A.R.A. in College Park, Maryland, but states the place of the transaction was another N.A.R.A. address in Philadelphia, Pennsylvania.

e. The complaint fails to state the claim for which relief may be granted.

**THEREFORE**, it is **ORDERED** that:

    1. Plaintiff's motion to proceed *in forma pauperis* (paper no. 1) is **GRANTED**.

    2. This action is **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1915(e)(2)(b)(ii). Plaintiff is advised to seek the assistance of the Plaintiff's Employment Attorney Panel Program, through the Office of the Clerk of Court.

Norma L. Shapiro
**United States District Judge**

ENTERED

AUG 3 1 2005

CLERK OF COURT



# National Archives and Records Administration

8601 Adelphi Road
College Park, Maryland 20740-6001

Mr. Darryl L. Murray
112 West Champlost Avenue
Philadelphia, Pennsylvania 19120

<u>Re: NARA Case No. 0502PA</u>

Dear Mr. Murray:

This is the Final Decision of the National Archives and Records Administration (NARA) regarding your discrimination complaint, referenced above, filed on October 26, 2004. Your complaint has been processed, including EEO Counseling, and an investigation into the merits has been conducted in accordance with the regulations contained in 29 C.F.R. Part 1614. The exhibits referred to in this decision are contained in the Report of Investigation (ROI).

## I.      Accepted Issue

The sole issue accepted for investigation is termination based on race (African American) and religion (Islam).

## II.      Procedural History of Complaint

You made timely contact with the NARA EEO Office. ROI Exhibit (EX) 4. You signed a Notice to Potential Complaint, which informed you of your rights and responsibilities in this matter on October 9, 2004. NARA's EEO Counselor conducted a final counseling session with you on October 12, 2004. You filed your formal complaint on October 26, 2004. NARA accepted your formal complaint on November 16, 2004. On March 31, 2005 NARA notified you that the investigation of your complaint was complete and that you could request a hearing before an administrative judge within 30 days or you could request a final decision from NARA[1]. Thereafter, you sent to NARA your request for a final decision, which was dated April 6, 2005.

## III.      Statement of Facts

A.   In 1987 you were appointed to a position as a GS-1421-03 Archives Technician at NARA's Mid-Atlantic Region's Records Center in Philadelphia, Pennsylvania.

---

[1] That notice was partially in error. Your complaint is what is known as a mixed case because it involves a matter (your removal) that could have been appealed to the Merit Systems Protection Board (MSPB) or for which you could file an EEO complaint with the agency (but not both). You were so informed in writing on October 9, 2004 (Notice to Potential Complainant: Rights and Responsibilities). One cannot have a hearing before an EEOC administrative judge for a mixed case complaint. If EEO processing is selected, a final decision by the agency is the only option. If you appeal this decision, that appeal must be to the MSPB.

B. On March 23, 1995 you were instructed to cease posting and distributing posters, signs, flyers, newspaper clippings and other materials containing racial, political and religious statements. ROI EX 6, p. 141. You were advised further that failure to follow the instructions of the letter could result in your removal from Federal service. *Id.*

C. In 1996, NARA proposed to suspend you for insubordination. ROI EX 6, p. 134; EX 15, p. 295. NARA issued the proposal after receiving a complaint from the Veterans Administration that you had displayed and distributed religious information in their break room. *Id.*; ROI EX 6, pp. 142-143. You were counseled not to display information regarding religious beliefs anywhere in the work place. ROI EX 15, p. 295. Subsequently, in April 1996 you signed a memorandum of agreement in which you agreed not to post or distribute objectionable material in the workplace. *Id.* Thereafter, NARA cancelled your proposed suspension. *Id.*

D. You were suspended for 14 days in July 1997 for falsification of your daily work log and neglect of duty. ROI EX 15, p. 295.

E. In November 2001 you admitted to marking up boxes containing records that were shipped to the Social Security Administration with writings that were perceived as offensive, objectionable and unprofessional. ROI EX 5, pp. 115-116. That incident was investigated by the Federal Protective Service. *Id.*

F. You were suspended for three days in August 2003 for inaccurately reporting completed work and neglect of duty. ROI EX 16, pp. 304-305.

G. On August 17, 2004, Elizabeth Washington (African-American, Pentecostal), Supervisor of Customer Service, informed you by letter that you were displaying materials in your work area that were found to be offensive to co-workers, the security force, and management. ROI EX 15, p. 287. Ms. Washington ordered you to remove those materials from your work area and specifically ordered you "to display no materials that make reference to race, religion, political views or make disparaging remarks in any way at any location at the National Archives." *Id.* Ms. Washington informed you that failure to follow the order would lead to a charge of insubordination which could form the basis of your removal from Federal Service.

H. On November 9, 2004 you were informed that you would be removed from your position for insubordination and making threatening remarks. ROI EX 15, pp. 289-299.

## IV.    Relevant Law

In order to prevail on a claim of discrimination based on race or religion you must establish a *prima facie* case of discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 252-253 (1981). The burden is not onerous. You need only show that the NARA's actions, if unexplained, reasonably give rise to an inference of discrimination. *See McDonnell Douglas*, 411 U.S. at 802. You may establish a *prima facie* case of discrimination based on race or religion by showing that you are a member of a protected class and you were treated differently, with respect to some condition of employment, from others outside your

3

protected class and in a manner that creates an inference of discrimination. *See, e.g., Schlieter v. Potter*, EEOC No. 07A30007, 2003 WL 22295420 (Sept. 29, 2003) (internal citations omitted); *Norbert v. Hayden*, EEOC No. 01A32552, 2003 WL 21516438 (June 25, 2003) (*citing Potter v. Good Will Industries of Cleveland*, 518 F.2d 864 (6th Cir. 1975)).

If you establish a *prima facie case* of discrimination, NARA must then articulate a legitimate, non-discriminatory reason for its actions. *McDonnell Douglas*, 411 U.S. at 802; *Burdine*, 450 U.S. at 253. If NARA satisfies its burden, you must then set forth evidence sufficient to show that NARA's reasons for its actions are merely pretext for prohibited discriminatory behavior. *McDonnell Douglas*, 411 U.S. at 804-805; *Burdine*, 450 U.S. at 253. You can establish pretext either directly by showing a discriminatory reason more likely motivated management, or indirectly, by showing that the reasons given for the defendant's actions are simply not believable. *Burdine*, 450 U.S. at 252-253. A reason cannot be proved to be pretext unless it is shown both that the reason was false, and that discrimination was the real reason. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502 (1993). Moreover, you cannot create a factual issue of pretext based merely on personal speculation of discriminatory intent. *Greene v. Dalton*, 164 F.3d 671, 675 (D.C. Cir. 1999) (claims cannot rest "entirely upon a conclusory representation" by plaintiff); *Slaughter v. Allstate Ins. Co.*, 803 F.2d 857, 860-61 (5th Cir. 1986).

## V.    **Discussion and Analysis**

Your complaint states that your removal was due to discrimination based on race and religion. Although you have provided a substantial amount of testimony (via affidavit), remarks and comments for the report of investigation, this material consists of conclusory statements that do not provide evidence that your removal was due to illegal discrimination. You attempt to show that you were treated differently than others outside your protected class when you indicate that Christian and Jewish employees have been warned not to put their religious views on screensavers. ROI EX 5, p. 62. However, you offer no evidence to support this allegation, nor do you suggest that anyone found these incidents offensive or that the employees refused to remove the items when ordered to do so by management. You did point out that another employee had a photograph of John Gotti on his desk (not a religious expression), but you also state that the employee removed the photograph when asked to do so. ROI EX 5, p. 64. Much of your remaining testimony (via affidavit), remarks and comments are inconsistent with or contradict sworn testimony and other evidence contained in the report of investigation. Given your history of behavior problems at NARA and the weight of the other evidence in the report of investigation, I do not find much of your testimony, remarks, and comments to be credible.

The report of investigation contains substantial documentation that demonstrates that you have been insubordinate and not truthful many times during your career with NARA. Regarding the events that led to your removal, you admitted that you understood the August 17, 2004 letter ordering you to remove materials from your work area. ROI EX 5, pp. 55, 61. The letter specifically ordered you to remove certain items from your work area and to never display any "materials that make any reference to race, religion, political views or that make disparaging remarks in any way at any location at the National Archives." ROI EX 14, p. 287. Moreover, the letter stated that failure to follow the order could result in your removal from the Federal service. *Id.* You complied with the order and removed the materials in question. However, in less than a month you again displayed

offensive and disparaging remarks in your work area, in clear defiance of the August 17, 2004 letter. *See, e.g.,* ROI EX 6, pp. 132-139; EX 7, pp. 175-179; EX 12, pp. 200-207; EX 14, pp. 274-275; EX15, p. 290.

The most damaging incident attributed to you is your threat to blow up the building. You admitted that on September 22, 2004 you were angry and cursing because you had been asked to leave the parking lot adjacent to your former place of employment. *See* ROI EX 5, p. 63. You admitted further that you said "I think someone needs to blow that M_____ F_____ building up." *Id.* I do not believe your annotation that you never used the word "building" or "place." Even if you did not say "building" or "place," your remarks clearly inferred a threat to blow up someone or something. Security Office James Hughes (African-American, Protestant) testified via affidavit that on September 22, 2004 you told him that you were "here to blow up the building" and when he later told you that you had to leave the property, you responded by saying "when I come back, I am blowing up the place." ROI EX 11, pp. 195-196. Officer Hughes then reported the incident to the Federal Protective Service. In response to your threat NARA management heightened security measures at both the Townsend Road and Market Street facilities because of fear of reprisal on your part. *See* ROI EX 12, p. 202. Officer Hughes testified that management was very scared and nervous about your remarks. ROI EX 11, p. 197.

You claim that your remarks did not constitute a real threat. ROI EX 5, p. 63. Nevertheless NARA policy is very clear in this regard. "NARA does not tolerate comments concerning weapons or bombs or other threats directed to NARA security guards, even if the comment was intended as a joke." ROI EX 17, p. 307, *Interim Guidance 300-19, Violence in the Workplace.* Employees who make such comments may be removed from the premises and may be subject to disciplinary action, criminal penalties, or both. *Id.* I find that your actions in this matter provided just cause for your removal from Federal service. I find further that you have not produced any evidence that your removal was motivated by discrimination based on race or religion. Nor have you demonstrated that you were treated differently than similarly situated employees outside of your protected classes with respect to some condition of employment. The record is clear that NARA's actions in this matter were because of your pattern of insubordination and your threat of harm to NARA facilities and personnel, and not related at all to your race or religion.

## VI.    Decision

Your complaint fails because you have not demonstrated that NARA's actions in this matter reasonably give rise to an inference of discrimination. Thus, you have failed to establish a *prima facie* case of discrimination. Alternatively, even if I assume that you have established a *prima facie* case of discrimination, the record clearly demonstrates that NARA has articulated legitimate, non-discriminatory reasons for its actions, and you have presented no evidence showing that NARA's proffered reasons were merely pretext for illegal discriminatory behavior. Accordingly, I find that you did not suffer discrimination with respect to the accepted issue.

5

## VII.   Appeal Rights

A. If you are dissatisfied with this Final Decision, you may file an appeal with the Merit Systems Protection Board (MSPB) (not the EEOC) regional or field office that is responsible for the geographic area where your duty station was located at the time the agency took the action or made the decision you are appealing within 30 days of receipt of this decision. For your convenience, an MSPB appeal form and regional offices contact information are enclosed. Your appeal should be addressed to:

U.S. Merit Systems Protection Board
Northeastern Regional Office
U.S. Customhouse
Room 501
Second & Chestnut Streets
Philadelphia, PA  19106-2987

A copy of the appeal must be provided simultaneously to the agency at:

National Archives and Records Administration
Office of General Counsel
8601 Adelphi Road
College Park, MD 20740-6001

B. You may file a civil action in the appropriate federal district court within 30 calendar days of receipt of NARA's Final Decision if no appeal has been filed with the MSPB. If you file a civil action under Title VII of the Civil Rights Act of 1964, as amended, or the Rehabilitation Act of 1973, as amended, and you do not have, or are unable to obtain the services of an attorney, you may request the court to appoint an attorney to represent you. In such circumstances as the court may deem just, the court may appoint an attorney and may authorize the commencement of the action without the payment of fees, costs, or security. Any such request must be made within the above referenced limits for filing suit and in such form and manner as the court may require.

You are further notified that if a civil action is filed by you, you must name the appropriate agency head as the defendant and provide his official title. DO NOT NAME JUST THE AGENCY. Failure to name the agency head or to state his official title may result in the dismissal of your case. The appropriate agency is the National Archives and Records Administration. The head of the agency is Allen Weinstein, Archivist of the United States.

6

If you have any questions, please call Robert Jew, Director, EEO and Diversity Programs, at (301) 837-1849.

Sincerely,

*Lewis J Bellardo*

LEWIS J. BELLARDO
Deputy Archivist of the United States


Enclosures: 1) MSPB Form 185
2) Regional Offices Contact Information