IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARRYL MURRAY,<br><br>Plaintiff,<br><br>v.<br><br>ALLEN WEINSTEIN, Archivist of the United States, National Archives and Records Administration,<br><br>Defendant. | : | CIVIL ACTION<br>NO. 05-4557 |

AFFIDAVIT OF LOUIS PEPE

I, Louis Pepe, having been duly sworn under oath, depose and state as follows:

1. From approximately 1988 until my retirement in September 2006, I was a Special Agent in the Mid-Atlantic Region, Criminal Investigations & Intelligence Section, of the Office of Federal Protective Service ("FPS"). Until approximately March 2003, FPS was a part of the General Services Administration. In approximately March 2003, FPS became a division of U.S. Customs and Immigration Enforcement, which was established at that time as a part of the United States Department of Homeland Security. I remain retired and currently reside in the Philadelphia suburbs.



2. Among other things, FPS polices, secures, and ensures a safe environment in which federal agencies, including the National Archives and Records Administration ("NARA"), can conduct their business. FPS frequently shares intelligence and collaborates on investigations with local, state, and federal law enforcement.

3. On September 22, 2004, while I was acting as an FPS Special Agent, I was directed to investigate threats that a suspect named Darryl Murray had allegedly made on that date at and regarding the Federal Records Center of NARA, which is located at 14700 Townsend Road, Philadelphia, Pennsylvania.

4. As a part of my investigation, on September 22, 2004 I interviewed the Security Officer at 14700 Townsend Road, James Hughes. Mr. Hughes alleged that Mr. Murray stopped his car in the Federal Records Center parking lot on September 22, 2004 and stated to Mr. Hughes that he (Murray) was there to "blow the place up" and to see a friend. According to Hughes, Murray then laughed and added "I'm bringing my people up here and you know what that means." Hughes said that he (Hughes) then re-entered the

records center. When Hughes re-emerged from the building, he told Murray that he (Murray) was required to leave the property. Hughes told me that Murray replied "when I come back, I'm blowing the place up." Hughes said that Murray then left the parking lot.

5. As a part of my investigation, on September 24, 2004 I interviewed one of Mr. Murray's co-workers, Irene Jones, who reportedly was near Mr. Murray's car at or around the time that some of the alleged remarks were made. Ms. Jones admitted to being around Mr. Murray's car and in conversation with him during a period of the time that he was sitting in his car at the Federal Records Center parking lot on September 22, 2004. Ms. Jones told me that, while in the parking lot on that date, she observed Mr. Murray exchange words with Security Officer Hughes, but she denied hearing any of the conversation between them (Murray and the guard). She was therefore unable to say whether Mr. Murray had made any threatening remarks.

6. As a part of my investigation, on September 23, 2004 I also interviewed the director of the Federal Records Center, John McEvoy.

7. As a part of my investigation, on September 23, 2004, I further interviewed the suspect, Darryl Murray, at his home at 112 W. Champlost Avenue, Philadelphia, Pennsylvania. Accompanying me were another FPS Special Agent and Detective John Sullivan of the Philadelphia Police Department.

8. During my interview of him, Mr. Murray denied threatening to blow up the NARA Federal Records Center. He further denied that he had threatened anyone or anything when he was in the Federal Records Center parking lot on September 22, 2004, and he denied stating anything that could have even been misconstrued as a threat. Mr. Murray stated only that he went to the Federal Records Center on September 22, 2004 to see a friend named Skip regarding a small debt.

9. In conducting my investigation, I took contemporaneous notes of my interviews with Security Officer Hughes, Irene Jones, John McEvoy, and Darryl Murray, which I attach as Exhibit "A" hereto. I then, in October 2004, completed a Report of Investigation, which I attach as Exhibit "B" hereto. I have recently reviewed these

documents, and they have refreshed my recollection about my/FPS's investigation of Mr. Murray, which I have stated above. These documents, which I drafted when these matters were fresh in my mind, correctly reflect my/FPS's investigation.

LOUIS PEPE

Subscribed and sworn
before me on this 27th day
of December 2006

NOTARY PUBLIC

NOTARIAL SEAL
MICHELLE M. McFADDEN, Notary Public
Newtown Twp., Delaware County
My Commission Expires May 27, 2007

Interview with RE VERBAL BOMB THREAT

Security Officer JAMES HUGHES
witness (215) 305-2025

2001

DATE OF INCIDENT
9/22/04 TODAY WED

Suspect is supposedly on Adm Leave because of an incident Insubordination came to the Bldg today to see someone + SU allegedly made comments to guard who confronted him!

GOVERNMENT EXHIBIT 10-A

PENGAD-Bayonne, N. J.

See COMMENTS Continued next PAGE

9/22/04

Date of Incident

Location NARA

Suspect

DARRYL MURRAY
112 West CHAMPLOST St
PHILA PA

(215) 681 - 8924

DOB. REDACTED

SSN. REDACTED

Suspects Comments to Security Officer

"I'm here to blow the place up"

Started laughing

"I'm here to see Skip"

"I'm bringing my people up here, you know what that means"

"When I come back I'm blowing the place up"

Started laughing

(X)

# OFFENSE/INCIDENT REPORT

INSTRUCTIONS ARE PRINTED SEPARATELY. IF ADDITIONAL SPACE IS NEEDED, USE REVERSE OF FORM; IDENTIFY ITEMS

1. TYPE: [X] a. ORIGINAL [ ] b. CONTINUATION [ ] c. SUPPLEMENT OR FOLLOWUP

REPORT CONTROL SYMBOL PB-126-1

2. CODE NO.: 113410
2a. SORT:
3. TYPE OF OFFENSE OR INCIDENT: Terroristic Threat
4. CASE CONTROL NO.: A0410081149

5. BUILDING NO.: PA0587ZZ
6. ADDRESS: 14700 TOWNSEND RD. - PHILADELPHIA, PA. 19154

7. NAME OF AGENCY/BUREAU: NARA
8. AGENCY/BUREAU CODE: 4713
9. SPECIFIC LOCATION: Center of Drive way across from main ent.
10. LOCATION: PC

11. DATE/TIME OF OFFENSE/INCIDENT: 092204 1104
12. DAY: Wd
13. DATE/TIME REPORTED: 092204 1140
14. DAY: WD
15. JURISDICTION (X): 1. EXCLUSIVE 2. CONCURRENT 3. PARTIAL [X] 4. PROPRIETARY

16. NO. DEMONSTRATORS: —
17. NO. EVACUATED: —
a. TIME START / b. TIME END

**18. PERSONS INVOLVED**

| ID CODE (a) | NAME AND ADDRESS (b) | AGE (c) | SEX (d) | RACE (e) | INJURY CODE (f) | TELEPHONE (g) |
|---|---|---|---|---|---|---|
| | Last Name, First, Middle Initial: Murray Darryl | | M | | | HOME |
| | Number, Street, Apt. No., City and State: 112 W. Champlost Ave (ZIP Code) 19120 | | | | | BUSINESS |
| | Last Name, First, Middle Initial | | | | | HOME |
| | Number, Street, Apt. No., City and State (ZIP Code) | | | | | BUSINESS |

**19. VEHICLE**

a. STATUS: [ ] STOLEN [X] SUSPECT [ ] GOV'T [ ] PERSONAL [ ] VANDALIZED [ ] RECOVERED
b. YEAR / c. MAKE / d. MODEL / e. COLOR (Top/Bottom): White
f. IDENTIFYING CHARACTERISTICS: Looked like a Neon
g. REGISTRATION: YEAR / STATE / TAG NO.
h. VIN / i. VALUE

**20. ITEM TAKEN**

a. NAME OF ITEM / b. QUANTITY / c. OWNERSHIP [ ] GOV'T [ ] PERSONAL / d. BRAND NAME
e. SERIAL NO. / f. COLOR / g. MODEL
h. VALUE / i. UNUSUAL OR UNIQUE FEATURES
j. PROPERTY WAS [ ] SECURED [ ] UNSECURED / k. STATUS OF PROPERTY [ ] RECOVERED [ ] MISSING [ ] PARTIAL RECOVERY / VALUE RECOVERED
l. NAME OF ITEM / m. QUANTITY / n. OWNERSHIP [ ] GOV'T [ ] PERSONAL / o. BRAND NAME
p. SERIAL NO. / q. COLOR / r. MODEL
s. VALUE / t. UNUSUAL OR UNIQUE FEATURES
u. PROPERTY WAS [ ] SECURED [ ] UNSECURED / v. STATUS OF PROPERTY [ ] RECOVERED [ ] MISSING [ ] PARTIAL RECOVERY / VALUE RECOVERED

21. NARRATIVE (If additional space is needed, use reverse of this form)

Darryl Murray an employee on Administrative leave Showed up on the property at 1104 A.m. I, knowing he wasn't allowed in the building asked why he was here. He stated he was here to blow the place up; I'm here to see Skip.

**22. NOTIFICATION**

| | TIME NOTIFIED | TIME ARRIVED |
|---|---|---|
| a. OTHER POLICE AGENCY: CC FPD | 1140 | 1250 |
| b. FIRE DEPARTMENT | | |
| c. AMBULANCE | | |
| d. BUILDING MANAGER | 1138 | |
| e. OTHER (Specify) | | |

23. EVIDENCE [ ] YES [ ] NO / TAG NO. / a. TYPE / b. WHERE STORED

24. ATTACHMENTS (Mark "X" where applicable): [X] a. CONTINUATION SHEET; b. GSA FORM 3157; c. PROPERTY RECEIPT(S); d. STATEMENT(S); e. SUPPLEMENTAL; f. OTHER ATTACHMENTS (Specify): Narrative of incident

25. SUSPECT STATUS: [ ] a. NOT IDENTIFIED [X] b. GOV'T EMPLOYEE [ ] c. GOV'T CONTRACT [ ] d. NON-GOV'T EMPLOYEE [ ] e. N/A

26. DISPOSITION OF SUSPECT: [ ] a. ARRESTED [ ] b. NOT ARRESTED [ ] c. CITATION ISSUED NO. [ ] d. RELEASED [X] e. N/A

NOTE: Complete GSA Form 3157 where this a Suspect, Att. Burglary, Burglary, Att. Robbery, Robbery, or a Weapon is used.

27. TIME: a. RECEIVED 1105 / b. ARRIVED / c. RETURNED TO SERVICE 1125

28a. REVIEWED BY - NAME (Printed) AND SIGNATURE: [ ] FPS [ ] GG / b. DATE

29a. BADGE: 2XXCG / b. NAME (Printed) AND SIGNATURE: James Hughes - James [signature] / c. DATE: 9/22/04

30. CASE REFERRED TO: a. FPS DETECTIVE / b. LOCAL POLICE / c. STATE POLICE / d. FBI / e. IG / f. N/A / g. OTHER (Specify)

31. CASE: a. OPEN / b. CLOSED / c. UNFOUNDED

32a. APPROVING OFFICIALS NAME (Printed) AND SIGNATURE / b. DATE

33. DETECTIVE STATUS: a. CASE# 13-04-074-3 / b. CLOSED INACT ARR. OM / c. SUSPECT DEVELOPED / d. SUSPECT ARRESTED / e. ENTERED NCIC [ ] YES [ ] NO [ ] N/A / f. PROPERTY RECOVERED / g. VALUE / h. CLEARED NCIC [ ] YES [ ] NO [ ] N/A / i. REFERRED / j. DATE

I TOLD DARRYL T WATCH WHAT HE SAY AND HE LAUGHED. DARRYL FURTHER WENT TO SAY, I'm bringing my people up here and you know what that means. I went back inside spoke with DAN BEDESAM TO find out if DARRYL was even allowed on the property; He said no.

I went back outside, informed DARRYL TO LEAVE which he did but not before saying, "When I come back I'm blowing the place up. Irene Johnson was standing next to the car the entire time during these statements as well as holding conversation with him.

INTERVIEW
RE 12-4-074-3

9/24/2004

IRENE B. JONES (215) 305-2000
ARCHIVES TECHNICIAN

215 305-2000

Interviewed TELE. THIS DATE RE INCIDENT REPORTED 9/22/04 at NARA. JONES ADMITTED TO BEING AROUND THE (SUBS) VEHICLE IN CONVERSATION + WITH MURRAY SEEING AN ALTERCATION VERBAL BETWEEN ~~VERBAL~~ MURRAY + the GUARD, BUT DENIES HEARING ANY THREATENING STATEMENTS, DENIED HEARING ANY OF THE CONVERSATION BETWEEN MURRAY + the GUARD. INTERVIEW CONCLUDED

9/23/2004

JOHN W. McEVOY

Telephoned APPX 3PM this date explained the situation to McEVOY advised McEVOY regarding the interview with DARRYL MURRAY.

Inquiry of McEVOY revealed that he believes they are eventually preparing to TERMINATE MURRAY for Numerous ADVERSE personnel actions over the years. ADV McEVOY I would keep him apprised.

9/23/2004

DARRYL MURRAY
112 W CHAMPLOST
PHILA PA 19154

(215)
927 5137

DOB REDACTED
SSN

(215) 681
cell 8924

1. BORN + RAISED IN PHILA
2. BORN AT Jefferson HOSPITAL
3. Never in ILLINOIS
4. Supposedly graduated from TEMple
5. UNIVERSITY 1987 MAJORING IN
6. CHEMISTRY, MINOR IN MATH
7. Employed at NARA Appx 18 YEARS
8. GS - 3 ARCHIVES AID

9 NEVER BEEN OUT of the COUNTRY

10. MUSLIM RELIGION 25 YEARS

11. DOES NOT ATTEND ANY ONE PARTICULAR MOSQUE HAS NOT ATTENDED ANY LATELY

12 NO Military SERVICE

13.
3 SUSPENSIONS AT WORK
1998 2 weeks ?
2000 5 DAYS ?
2003 3 DAYS ? LOSING Files. INSUBORDINATION

14 BIRTH CERT: PA REDACTED

REDACTED Issued REDACTED

15 Denies any Pschatric HISTORY OR Treatment

16 TAKING 1 MEDICATION PRESENTLY

17 BRENDA MURRAY mother from PHIL alive
REDACTED

18 OSCAR MURRAY FATHER
DECEASED

19. ANGELA Sister
REDACTED
ECKERD DRUG Store

REDACTED -

20 NO Brothers very few if any males in family past 40 years? According to SU

21 Lost Personal IDS appx 15 years ago

22 Denied Chicago arrests denied ever being in Chicago

23 Admitted of Phila REDACTED

REDACTED

REDACTED

24 Denied making any threats to include (bomb threats) at NARS on 9/22/2004

24 On Administrative Leave was told to call once a week regarding his status.

# REPORT OF INVESTIGATION

**COMPLAINANT:** James Hughes

**SUBJECT: DARRYL MURRAY**

**CASE CATEGORY:** Bomb Threat

**CASE STATUS:** Closed

**CASE FILE: 13-04-074-3**

**DATE OF REPORT:** October 19, 2004

**PREPARED BY:** Louis Pepe/ [signature] October 19, 2004
LOUIS PEPE **(DATE SIGNED)**
SPECIAL AGENT
Mid-Atlantic Region, Criminal Investigations & Intelligence

**APPROVED BY:** ______________________
Martin Hughes **(DATE SIGNED)**
SUPERVISORY SPECIAL AGENT
Mid-Atlantic Region, Criminal Investigations & Intelligence

GOVERNMENT EXHIBIT 10-B

TABLE OF CONTENTS

**SUMMARY:**

An investigation was initiated into the alleged Bomb Threat made against the Regional Office of the National Archives and Records Administration, (NARA). Interviews were conducted and a NARA employee was identified as the **SUSPECT**. Subsequent interviews were unproductive in developing any additional witnesses to the actual threat. The **SUSPECT** was interviewed and denied making any threats. The Appropriate United States Attorneys office was apprised of the foregoing and declined prosecution at this time. The Subject agency is planning Administrative Action in an attempt to terminate the **EMPLOYEE.**

**DETAILS:**

Interview of James Hughes
Interview of Darryl Murray
Interview of Irene B. Jones
Interview of John McEvoy
Interview of Anita Eve
Law Enforcement Database Inquiry
Presentment for Prosecution

**ATTACHMENTS:**

A. Copy: FPS Offense Report, GSA Form 3155 (P04008149)
B. Copy: NCIC Printout, MURRAY, DARRYL, SSN 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
C. Copy: FPS Supplemental Report, GSA Form 3155 (P04008149)

## SUMMARY

On September 22, 2004 an investigation was initiated into the alleged Bomb Threat made against the Regional offices of the National Archives and Records Administration (NARA). The NARA regional office is located at 14700 Townsend Road Philadelphia Pa. An interview was conducted with the contract Security Officer, complainant, who reported the alleged threat and a NARA employee **DARRYL L. MURRAY** was identified as the **SUSPECT**. A co-worker/friend of the **SUSPECT** who was reportedly in direct proximity of the incident was interviewed and denied hearing any of the conversation between the complainant and **MURRAY**. Efforts to develop additional witnesses to the reported threat were unproductive. During the course of this investigation, the director of the Regional office of NARA was interviewed and advised this writer that due to the aforementioned and previous adverse actions against the subject employee his agency's plans are to proceed with administrative action to terminate the employee.

On September 22, 2004, a criminal history check was conducted on suspect **DARRYL MURRAY, SSN** REDACTED

On September 23, 2004 , **DARRYL MURRAY**, was interviewed at his residence of record, 112 W. Champlost Ave. Philadelphia Pa 19154, (215) 927-5137. **MURRAY** was interviewed in the company of Special Agent Kelley Tufts of this office, and Detective John Sullivan of the Philadelphia Police Department. Sullivan is presently assigned to the Federal Bureau of Investigation, Joint Terrorism Task Force.

When confronted regarding the allegations made against **HIM**, that **HE** threatened to blow up the facility where **HE** is employed , **MURRAY** repeatedly denied threatening anyone/or anything. According to **MURRAY,** the only reason **HE** went to the facility was to see a friend, Skip, regarding a small debt. **MURRAY** admitted to being placed on Administrative Leave by management for rules violations and having been suspended before for other incidents, losing files, insubordination etc, however, **MURRAY** again denied Threatening to Blow up the Building.

Further questioning of **MURRAY** regarding Anti-Government, Racially charged documents, articles, found in and around **HIS** workspace provided that, according to **MURRAY**, these articles, comments etc, are **HIS** opinion and there is nothing threatening about them. Inquiry of **MURRAY** revealed **HE** was advised by management to call the facility once a week to find out **HIS** status and not to come to the facility, **HE's** on Administrative leave. **MURRAY** was advised that the United States Attorney's office would be apprised of the alleged threat and **HIS**

presence at the facility during the Investigation could result in **HIS** arrest. **MURRAY** stated that **HE** would not go to the building again if not permitted. **MURRAY** stated that at this time **HE** has nothing else to say and would like to consult with **HIS** attorney.

This concluded the interview with **MURRAY.**

Between September 22, 2004 through October 6, 2004, random interviews were conducted with several NARA employees who were familiar with the subject incident. These interviews were unproductive in developing any additional pertinent information to assist in this investigation.

On October 6, 2004, this Agent presented the aforementioned case to Anita Eve, Assistant United States Attorney, of the Eastern District of Pennsylvania. According to Eve, her office will decline prosecution at this time but will reconsider if **MURRAY** is involved in any additional incidents.

As of the date of this report this office has not received any additional reports of incidents involving **MURRAY.**

Based on the foregoing information, no further investigation is contemplated at this time. This case is closed.